```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
ex rel. ROBERT F. LAFOND,        )
    Plaintiff,                   )
                                 )
         v.                      )    C.A. No. 09-10231
                                 )
L-3 COMMUNICATIONS               )
SSG TINSLEY, INC.,               )
    Defendant.                   )
```

ORDER

WOLF, D.J.                                            April 8, 2013

This is a qui tam case filed by plaintiff-relator Robert Lafond against defendant L-3 Communications SSG-Tinsley, Inc. ("L-3"), his former employer. The parties are conducting discovery. Lafond now moves to file an ex parte motion under seal (Docket No. 65) (the "Motion to File Under Seal"). Lafond also asks that the Motion to File Under Seal itself be sealed. Attached to the Motion to File Under Seal is the proposed ex parte motion (Docket No. 65-1) (the "Ex Parte Motion"). In the Ex Parte Motion, Lafond requests the court's authorization to speak to certain individuals. Lafond requests other forms of relief in the alternative. Ex Parte Motion, at 15.

The Motion to File Under Seal is not accompanied by a memorandum of reasons, even though one is required by the Local Rules of this District Court. See D. Mass. R. 7.1(b)(1). However, the rationale behind Lafond's wish to proceed ex parte

and under seal is supplied in the Ex Parte Motion. There, Lafond asserts that if L-3 becomes aware of Lafond's intentions, L-3 "may immediately contact [the relevant] individuals and potentially affect a free and open discussion by and between them and legal counsel." Ex Parte Motion, at 14-15. This allegation is not supported by affidavits or by other evidence.[1]

The court will seal the Motion to File Under Seal, the Ex Parte Motion, and attached documents. It will not now, however, consider them on an ex parte basis.

Ex parte motions, especially those filed under seal, are disfavored. "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 438-39 (1974). This policy is evident, for instance, in the stringent conditions that must be met in order for an ex parte temporary restraining order to be issued. See Fed. R. Civ. P. 65.

---

[1] The Ex Parte Motion is accompanied by an affidavit of Lafond's attorney (Docket No. 65-4). However, the affidavit asserts only that the other documents attached to the Ex Parte Motion, namely the parties' respective initial disclosures, are true and accurate copies of the originals.

Powerful considerations support this policy. "[E]x parte proceedings pose a threat to the adversary system," a system that "[b]y allowing both sides to have their say . . . promotes accuracy, fairness, and consistency -- the hallmarks of our system of justice." In re Intermagnetics Am., Inc., 101 B.R. 191, 192 (C.D. Cal. 1989). In addition, ex parte contacts between the court and one party "pose ethical problems for both the bench and bar." Id. When ex parte motions are filed under seal, they also tend to impede the "public monitoring of the judicial system [that] fosters the important values of quality, honesty and respect for our legal system." United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013) (quoting In re Providence Journal, 293 F.3d 1, 9 (1st Cir. 2002)).

Consequently, a party seeking ex parte relief "must show why the moving party should be allowed to . . . receive special treatment." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490-92 (C.D. Cal. 1995). Such a party must offer a sound factual basis for its contentions. "The reasons stated must be supported by deposition transcripts or by affidavits . . . . A statement 'on information and belief' by the lawyer preparing the papers is insufficient." Id.

Lafond's request that his motion be considered under seal and ex parte is predicated on unsubstantiated assertions that

3

L-3 and its attorneys are likely to engage in unethical, and possibly criminal, conduct. Lafond's suspicions alone do not justify the imputation of illicit intentions to L-3 or to its attorneys. Lafond has, therefore, provided no persuasive reason for this court to stray from the important presumption that judicial action must not be taken before all parties have been given reasonable notice and an opportunity to be heard. See Granny Goose Foods, 415 U.S. at 438-39.

Lafond's requests in the alternative are, chiefly, for other forms of ex parte relief. See Ex Parte Motion, at 15. For the reasons previously explained, these other forms of ex parte relief are also not warranted at this time. In addition, it is not clear whether Lafond proposes that the court require that the Ex Parte Motion be served on L-3 and restrain L-3's conduct during the pendency of the motion. Id. The court sees no reason to proceed in this manner. Rather, the court will permit Lafond, if he wishes to do so, to renew his motion, after conferring with L-3 and meeting all other applicable procedural requirements. The court is not now deciding whether authorization of the court is necessary before Lafond conducts the communications proposed in the Ex Parte Motion.

In view of the foregoing, it is hereby ORDERED that:

1.  Lafond's Motion for Leave to File Under Seal His <u>Ex Parte</u> Motion (Docket No. 65) is ALLOWED in part and DENIED in part without prejudice. The Motion to File Under Seal, the <u>Ex Parte</u> Motion, and attached documents shall remain sealed. However, the court will not consider the merits of the <u>Ex Parte</u> Motion (Docket No. 65-1), or authorize its filing under seal.

2.  Lafond may, if he wishes, file a renewed motion regarding the conversations he seeks to conduct. Any such motion shall comply with the Local Rules of the United States District Court for the District of Massachusetts, particularly Rules 7.1(a)(2) and 7.1(b)(1).

3.  This Order is not sealed, but rather shall be served on L-3 and be made part of the public record of this case.

                                            /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE